861 A.2d 122

IN THE MATTER OF DAVID C. ANTON, AN ATTORNEY
AT LAW (ATTORNEY NO. 031961981).

December 2, 2004.

ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 04–104, concluding that as a matter of reciprocal discipline pursuant to *Rule* 1:20–14, **DAVID C. ANTON** of **DAVIS, CALIFORNIA**, who was admitted to the bar of this State in 1981, should be suspended from the practice of law for a prospective period of three months based on discipline imposed in the State of California for conduct in violation of *RPC* 8.4(c) (dishonesty, fraud, deceit or misrepresentation) and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And **DAVID C. ANTON** having failed to appear as ordered by the Court to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined from its review of the matter that respondent should be suspended from the practice of law for a period of one year;

And good·cause appearing;

It is ORDERED that **DAVID C. ANTON** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective December 29, 2004; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.